[No. 49658-7.   En Banc.   March 1, 1984.]

KAROLINA PEDERSEN, ET AL, *Respondents*, v. NORM MALENG, *Appellant.*

*Norm Maleng, Prosecuting Attorney,* and *Leila C. Taaffe, Deputy,* for appellant.

*Adams, Gagliardi & Halstead,* by *Bart L. Adams,* for respondents.

PER CURIAM.—William Larson was appointed mayor of Algona, Washington, in March 1980 to fill the vacancy of the prior mayor who had resigned. The appointment lasted until the next general election in November 1981. Larson was then elected to a 2–year term, which completed the last

2 years of the 4–year term to which the prior mayor had been elected in 1979.

In April 1983, plaintiffs Karolina Pedersen, Charlene Whetham, Paul Mallary, and Melvin R. Saxton filed a petition to recall Larson. Defendant Norm Maleng, King County Prosecuting Attorney, subsequently issued a written decision whereby he declined to review the legal sufficiency of the recall charges on the ground the charges were not timely filed under the requirements of RCW 29.82-.025(2). Plaintiffs, on the other hand, believed RCW 29.82-.025(1) was the applicable statute, and, in any event, the defendant did not have the statutory authority to make the determination of timeliness.

Plaintiffs filed a writ of mandamus to compel the prosecutor to accept and certify as proper the recall petition and formulate the ballot synopsis needed for a recall election. The Superior Court granted the writ and ordered the prosecutor to determine the sufficiency of the recall charges.

Defendant found two of the six charges to be sufficient. The requisite signatures were obtained. The recall election was held on August 30, 1983, and Mayor Larson was recalled from office. The general election was held in November 1983 and a new mayor was elected to a 4–year term.

We accepted direct review. Both parties concede this case is moot because the recall election was held and the City of Algona has a new mayor. However, both parties urge review claiming the matter is "a question of a public nature which is likely to recur, and . . . an authoritative determination now is desirable for the guidance of public officials . . .". *Federated Publications, Inc. v. Kurtz,* 94 Wn.2d 51, 54, 615 P.2d 440 (1980).

■ The general rule on mootness and its· exception were set out in *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972):

It is a general rule that, where only moot questions or abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist,

the appeal, or writ of error, should be dismissed. There is an exception to the above stated proposition. The Supreme Court may, in its discretion, retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interest are involved. Criteria *to be considered in determining the "requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question."* People ex rel. Wallace v. Labrenz, *411 Ill. 618, 622, 104 N.E.2d 769, 30 A.L.R.2d 1132 (1952), quoted in [*National Elec. Contractors Ass'n v. Seattle Sch. Dist. 1, *66 Wn.2d 14, 20, 400 P.2d 778 (1965)].* This exception to the general rule obtains only where the real merits of the controversy are unsettled and a continuing question of great public importance exists.

(Citations omitted.)

The merits of the controversy were settled by the election of the new mayor in Algona. This having been done, we do not believe there is a "continuing question of great public importance" nor do we find there is a necessity for an "authoritative determination for the future guidance of public officers". Furthermore, given the fact pattern in this case, we do not consider the particular issues raised are likely to recur.

The appeal is dismissed as moot.